**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | )    Chapter 7 |
| BW Industries Inc., | ) |
| | )    Case No. 23-XXXXX (XXX) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 84-2292459 | ) |
| | ) |
| In re: | ) |
| | )    Chapter 7 |
| Bitwise Industries, Inc., | ) |
| | )    Case No. 23-XXXXX (XXX) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 47-1635652 | ) |
| | ) |
| In re: | ) |
| | )    Chapter 7 |
| BWRD, LLC, | ) |
| | )    Case No. 23-XXXXX (XXX) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-4789692 | ) |
| | ) |
| | ) |
| In re: | ) |
| | )    Chapter 7 |
| Alpha Works Technologies, LLC, | ) |
| | )    Case No. 23-XXXXX (XXX) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-1008307 | ) |
| | ) |
| In re: | ) |
| | )    Chapter 7 |
| Bruce's Bagels, Beverages, and Bites, LLC, | ) |
| | )    Case No. 23-XXXXX (XXX) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-5035590 | ) |
| | ) |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

The Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and, together with the Schedules, the "**Schedules and Statements**") filed by BW Industries Inc. ("**BWI**"), Bitwise Industries, Inc. ("**Bitwise**"), BWRD, LLC ("**BWRD**"), Alpha Works Technologies, LLC ("**Alpha Works**") and Bruce's Bagels, Beverages, and Bites, LLC ("**BBBB**" and together with BWI, Bitwise, BWRD, and Alpha Works, the "**Company**") as debtors and debtor-in-possession (collectively, the "**Debtors**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), were prepared in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by management of the Debtors, with the assistance of the Debtors' professional advisors, and are unaudited.

The information provided herein, except as otherwise noted, is as of the close of business on the eve of June 28, 2023 (the "**Petition Date**"). While management of the Company has made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete, based upon information that was available to them at the time of preparation, the subsequent receipt of information may result in material changes to financial data and other information contained in the Bankruptcy Schedules and inadvertent errors or omissions may exist.

The Schedules and Statements were prepared from the findings of an internal analysis of the Company spanning from May 28 through June 22, 2023 (the "**Internal Analysis**"). The Internal Analysis concluded, *inter alia*, that the books and records of the Company are substandard and materially incomplete. Further, significant irregularities also exist, and while the Company has attempted to estimate the size of the irregularities, the lack of organized and well-kept books and records, as well as obstacles resulting from an inability to access and verify certain financial information such as bank accounts, has hindered the Company's ability to make such an estimation. The Internal Analysis concludes that a complete re-creation of the books, along with external confirmations, might be necessary to get a reliable picture of the Company's true financial history and current financial position. Accordingly, there can be no assurance that these Bankruptcy Schedules are complete or accurate.

The Schedules and Statements have been signed by Ollen Douglass, Interim President of the Company. Mr. Douglass has not (nor could have) personally verified the accuracy of each statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Douglass has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. Douglass relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the

time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Disclosure of information in one Schedule, Statement, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

**The Schedules, Statements and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of the Debtors.**

### Global Notes and Overview of Methodology

1. **General Reservation of Rights.** Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("**Claim**") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to these chapter 7 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. **Basis of Presentation.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtors. The Debtors reserve all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

3.      **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

4.      **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including but not limited to certain deferred expenses and deferred revenue items, lease assets and related lease liabilities, suspense and clearing accounts, unbilled revenue, capitalized loan fees, certain assets and liabilities of their non-Debtor subsidiaries and certain accrued liabilities.  The Debtors have also excluded potential claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist.  Certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

5.      **Amendments and Supplements; All Rights Reserved.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; inadvertent errors or omissions, however, may exist.  The Debtors reserve all rights, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

6.      **References.**  References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

7.      **Book Value.** Unless otherwise indicated, the Debtors' assets and liabilities are shown on the basis of its net book values as of May 31, 2023. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books.  Net book values may vary, sometimes materially, from market values.  The Debtors do not intend to amend these Schedules and Statements to reflect market values.

8.      **Recharacterization.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.

9.      **Claims of Third-Party Entities.** Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the

Debtors have classified its estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

10. **Liabilities.** The Debtors allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available, and further research is conducted, particularly with respect to the Debtors' payable accounts, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

11. **Guarantees and Other Secondary Liability Claims.** Where guarantees have been identified, they have been included in the relevant liability Schedule for the Debtors affected by such guarantee. The Debtors have also listed such guarantees on the applicable Schedule H. It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.

12. **Intercompany Claims.** The net balance of intercompany transactions between the Debtors is set forth on Schedule A/B or Schedule E/F, as applicable, and receivables are classified as current assets. Intercompany transfers between Debtors are not captured on Statement 2 or 3. The listing in the Schedules or Statement (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and a Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

13. **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made significant efforts to attribute intellectual property to the rightful Debtor owner. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

14. **Executory Contracts and Unexpired Leases.** The Debtors have not set forth executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

15. **Claims Description.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

16. **Causes of Action.** Despite their reasonable efforts, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights for any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

17. **Undetermined Amounts.** Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

18. **Liens.** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

19. **Individual and Employee Addresses.** Any individual, including current employee, former employee, and director addresses have been redacted from entries listed throughout the Schedules and Statements, where applicable.

20. **Estimates.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

21. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such

creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

22.    **Setoffs**. The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, negotiations and/or disputes between the Debtors and their vendors and customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

23.    **Global Notes Control.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

24.    **Confidentiality:** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

## General Disclosures Applicable to Schedules

25.    **Classifications.** Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

26.    **Schedule A/B - Real and Personal Property.**

a)    Schedule A/B. All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the Petition Date unless otherwise noted below or in the Schedules and Statements.

b)    Schedule A/B.3. Bank account balances are as of June 21 and June 22, 2023. Bank accounts with Central Valley Community Bank were frozen on June 6, 2023 and may have been closed. The account balances as of the Petition Date is unknown as current management cannot access these accounts.

c)    Schedule A/B 8. Prepayments are as of May 31, 2023.

d)    Schedule A/B.11. Accounts Receivable balances are as of the end of business on June 15, 2023 and do not include Intercompany balances.

e)      Schedule A/B.15. Equity interests in subsidiaries and affiliates arise from common stock ownership. For purposes of these Schedules, the value of the Debtors' interests is undetermined.  The book values of certain assets may materially differ from their fair market values and/or the liquidation of the assets prepared in connection with the Disclosure Statement.

f)      Schedule A/B. Parts 7, 8, and 9.  Dollar amounts are presented net of accumulated depreciation and other adjustments.   Cost is as of December 31, 2022 and accumulated depreciation is as of April 30, 2023.  The Company's records did not include any fixed asset additions or disposals after December 31, 2022.

g)      Schedule A/B 60-61.  Intellectual property is listed in Schedule A/B 60-61 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from its net book value.  Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

h)      Schedule A/B 72. Interests in Net Operating Losses ("**NOLs**"). Certain of the Debtors may have the ability to take advantage of NOLs, which amounts may be accumulated for more than one tax year.  For combined or consolidated returns, the value of NOLs is reported at the parent level. NOLs reflected are as of December 31, 2021.  The Debtors may have the ability to claim NOLs for subsequent years.

i)      Schedule A/B 74/75.  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.  In the ordinary course of its business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds or potential warranty Claims against its suppliers.  Additionally, the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74/75.

j)      Schedule A/B73. Interests in Insurance Policies or Annuities. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. All known current insurance policies are listed in response to Schedule A/B 73.

27.     **Schedule D - Creditors Holding Secured Claims.** The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or have been incurred before June 28, 2023.

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtors' Schedule D. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's Claim. To that end, the Debtors take no position as to the extent or priority of any particular creditor's lien in the Schedules and Statements.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. The Debtors have made reasonable, good faith efforts to include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

28.    **Schedule E/F— Creditors Holding Unsecured Claims.** The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect

credits, rebates, or allowances due from such creditors to the Debtors. The Claims and amounts listed in respect of certain trade payables reflect amounts owed as of the Petition Date. Despite the Company's best efforts, the Company was unable to locate the address for certain claims on Schedule F.

The Debtors may pay additional Claims listed on Schedule E/F during the chapter 7 cases pursuant to orders of the Bankruptcy Court, and reserve all rights to update Schedule E/F to reflect such payments. In addition, certain Claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F also contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

29.     **Schedule G — Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, the Debtors' business is complex, and inadvertent errors, omissions, or overinclusion may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases, which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, indemnity agreements, subordination, non-disturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable, and the Debtors reserves all rights in that regard, including without limitation the right to assert that any agreement is not executory, has expired pursuant to its terms, is severable in whole or in part, or was terminated prepetition.

30.   **Schedule H — Co-debtors.** Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

In the ordinary course of its business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of its business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because such claims are listed elsewhere in the Statements and Schedules, they may not have been set forth individually on Schedule H.

Schedule H also reflects guarantees by the Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or are unenforceable.

## General Disclosures Applicable to Statements

31.   **Questions 1 and 2.** The gross revenue and non-business revenue reported for the current fiscal year are through May 31, 2023.

32.   **Question 3 and 4.** For certain creditors receiving payment, the Debtors maintain multiple addresses for such vendor. Efforts have been made to attribute the correct address, however, in certain instances, alternate addresses may be applicable for a party listed in response to Question 3.

**Question 3.**  Question 3 includes any disbursement or other transfer made by the Debtors except for those made to employees.

For purposes of the Schedules and Statements, the Debtors define insiders as individuals that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over the Debtors so as to dictate corporate policy and the disposition of assets. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether

someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

33.     **Question 7.** The Debtors reserve all rights and defenses with respect to any and all listed lawsuits and administrative proceedings.  The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors.  The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

34.     **Question 10.** The Debtors have made best efforts to collect applicable and responsive information however, certain *de minimis* losses, which are not tracked separately, may have been omitted.

35.     **Question 11**. Certain of the payments listed may have been paid for services outside of debt consolidation, restructuring or bankruptcy relief.

36.     **Question 13.** While the Debtors have made reasonable efforts to respond comprehensively to Question 13, certain *de minimis* asset sales and transfers may be omitted unintentionally.

37.     **Question 26d.** The Debtors have supplied financial statements and reports in the ordinary course of business to certain third parties under confidentiality agreements. Such third parties include restructuring professionals, administrative agents under the Debtors' debt facilities, and certain other creditors and their advisors.

38.     **Question 30.** For this question, please reference Statement of Financial Affairs, Question 4.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BW Industries Inc.,<br><br>        Debtor.<br><br>Tax I.D. No. 84-2292459 | Chapter 7<br><br>Case No. 23-XXXXX (XXX) |
| In re:<br><br>Bitwise Industries, Inc.,<br><br>        Debtor.<br><br>Tax I.D. No. 47-1635652 | Chapter 7<br><br>Case No. 23-XXXXX (XXX) |
| In re:<br><br>BWRD, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 82-4789692 | Chapter 7<br><br>Case No. 23-XXXXX (XXX) |
| In re:<br><br>Alpha Works Technologies, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 82-1008307 | Chapter 7<br><br>Case No. 23-XXXXX (XXX) |
| In re:<br><br>Bruce's Bagels, Beverages, and Bites, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 82-5035590 | Chapter 7<br><br>Case No. 23-XXXXX (XXX) |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## ALPHA WORKS TECHNOLOGIES, LLC.

**Fill in this information to identify the case:**

Debtor name: Alpha Works Technologies, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 23-00003

Check if this is an
amended filing ☐

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:   Income**

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2023 to 5/31/2023 | ☑ Operating a business<br>☐ Other | $157,515.80 |
| For prior year: | From 1/1/2022 to 12/31/2022 | ☑ Operating a business<br>☐ Other | $1,816,904.90 |
| For the year before that: | From 1/1/2021 to 12/31/2021 | ☑ Operating a business<br>☐ Other | $1,496,024.25 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2023 to 5/31/2023 | | |
| For prior year: | From 1/1/2022 to 12/31/2022 | | |
| For the year before that: | From 1/1/2021 to 12/31/2021 | | |

**Part 2:**   **List Certain Transfers Made Before Filing for Bankruptcy**

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1<br><br>See SOFA 3 Attachment | | $146,101.05 | ☐ Secured debt<br><br>☐ Unsecured loan repayments<br><br>☐ Suppliers or vendors<br><br>☐ Services<br><br>☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1<br><br>Relationship to debtor | | | ☐ Secured debt<br><br>☐ Unsecured loan repayments<br><br>☐ Suppliers or vendors<br><br>☐ Services<br><br>☐ Other |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1<br><br> | Last 4 digits of account number | | |

| Part 3: | Legal Actions or Assignments |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** Garza, et al., vs. BW Industries, Inc., et al. **Case number** 23CECG02098 | Class Action and Individual Complaint | **Name** Superior Court of California, County of Fresno **Street** 1130 "O" Street **City** Fresno **State** CA **Zip** 93724-0002 | ☑ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address ____ Street ____ City ____ State ____ Zip ____ | Case title ____ Case number ____ Date of order or assignment ____ | Court name and address Name ____ Street ____ City ____ State ____ Zip ____ |

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name ____ Street ____ City ____ State ____ Zip ____ **Recipient's relationship to debtor** ____ | ____ | ____ | ____ |

**Part 5:    Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

**Part 6:    Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| Email or website address | | | |
| Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| Trustee | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property  by sale, trade, or any other means  made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| Relationship to debtor | | | |

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | | Dates of occupancy | |
|---------|--|--|--------------------|--|
| 14.1 | | | | |
| Street | | | From | to |
| City | State | Zip | | |

| Part 8: | Health Care Bankruptcies |
|---------|--------------------------|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---------------------------|-----------------------------------------------------------------------------------|----------------------------------------------------------------------------|
| 15.1 | | |
| Street | | |
| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider | How are records kept? Check all that apply: ☐ Electronically |
| City    State    Zip | | ☐ Paper |

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|--------------|---------------------------------------------|
| | |

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:** Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name _____ Street _____ City ___ State ___ Zip ___ | _____ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | _____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 Name _____ Street _____ City ___ State ___ Zip ___ | Address _____ | _____ | ☐ No ☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name _____ Street _____ City ___ State ___ Zip ___ | Address _____ | _____ | ☐ No ☐ Yes |

## Part 11:  Property the Debtor Holds or Controls that the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

## Part 12:  Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 Case Number | Name / Street / City State Zip | | ☐ Pending ☐ On appeal ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 Name / Street / City State Zip | Name / Street / City State Zip | | |

Debtor  Alpha Works Technologies, Inc.
        Name

Case number *(if known)* 23-00003

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City          State     Zip | City          State     Zip | | |

<br>

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN |
| | | **Dates business existed** |
| | | From                                       to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| Caryn Nightengale - Address Redacted | From          to<br>Q1           Present<br>2023 |
| 26a.2 | |
| Lizette Carazzano - Address Redacted | From          to<br>1/6/2020     Present |
| 26a.3 | |
| Kelly Meza - Address Redacted | From          to<br>10/23/2017   8/15/2022 |
| 26a.4 | |
| Mike Rodriguez - Address Redacted | From          to<br>6/24/2020    12/3/2021 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1<br><br>Grant Thornton<br>801 Brickell Ave., Suite 2450<br>Miami, FL 33131-4943 | From<br>1/1/2020<br><br>to<br>12/31/2020 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1<br><br>ESOR Accountant: Juan Rodriguez - Address Redacted | |
| 26c.2<br><br>Christina Springstead - Stria. Moss Adams<br>Bakersfield, CA | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1 |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1<br><br>BW Industries, Inc.<br>700 Van Ness Avenue<br>Freso, CA 93721 | Parent Company | 100.0% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 Jake Soberal - Address Redacted | Co-Chief Executive Officer | From 2016 to 6/1/2023 |
| 29.2 Irma Olguin Jr - Address Redacted | Co-Chief Executive Officer | From 2016 to 6/1/2023 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**SOFA 3 ATTACHMENT**
Certain payments or transfers to creditors within 90 days before filing this case

| | Creditor's Name | Address 1 | City | State | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|
| 3.1 | 8x8 Inc. | 675 Creekside Way | Campbell | CA | 95008 | 2/9/2023 | $5,640.63 | Inv #3674800 |
| 3.2 | 8x8 Inc. | 675 Creekside Way | Campbell | CA | 95008 | 3/17/2023 | $6,007.45 | Inv #3714020 |
| 3.3 | 8x8 Inc. | 675 Creekside Way | Campbell | CA | 95008 | 5/9/2023 | $5,885.45 | Vendor Payment |
| | | | | | | **TOTAL:** | **$17,533.53** | |
| 3.4 | Adrian Ontiveros | Address Redacted | | | | 2/1/2023 | $1,360.00 | Inv #1.27.23 Apprenticeship |
| 3.5 | Adrian Ontiveros | Address Redacted | | | | 2/17/2023 | $1,224.00 | Inv #2.10.23 Apprenticeship |
| 3.6 | Adrian Ontiveros | Address Redacted | | | | 3/7/2023 | $1,360.00 | Inv #2.24.23 Apprenticeship |
| 3.7 | Adrian Ontiveros | Address Redacted | | | | 3/17/2023 | $1,360.00 | Inv #3.10.23 Apprenticeship |
| 3.8 | Adrian Ontiveros | Address Redacted | | | | 4/4/2023 | $1,360.00 | Inv #3.24.23 Apprenticeship |
| 3.9 | Adrian Ontiveros | Address Redacted | | | | 4/14/2023 | $1,360.00 | Inv #4.7.23 Apprenticeship-- bill.com Check Number: 207578880 |
| 3.10 | Adrian Ontiveros | Address Redacted | | | | 5/9/2023 | $1,360.00 | 4.21.23 Apprenticeship |
| 3.11 | Adrian Ontiveros | Address Redacted | | | | 5/12/2023 | $1,360.00 | 5.5.23 Apprenticeship |
| 3.12 | Adrian Ontiveros | Address Redacted | | | | 5/26/2023 | $1,360.00 | 5.19.23 Apprenticeship |
| | | | | | | **TOTAL:** | **$12,104.00** | |
| 3.13 | Blue Shield of California | PO BOX 629032 | El Dorado Hills | CA | 95762 | 3/16/2023 | $35,041.75 | Vendor Payment |
| 3.14 | Blue Shield of California | PO BOX 629032 | El Dorado Hills | CA | 95762 | 3/31/2023 | $31,091.77 | Vendor Payment |
| | | Address Redacted | | | | **TOTAL:** | **$66,133.52** | |
| 3.15 | George L Martinez | Address Redacted | | | | 2/1/2023 | $1,310.00 | Inv #1.27.23 Apprenticeship |
| 3.16 | George L Martinez | Address Redacted | | | | 2/17/2023 | $1,550.00 | Inv #2.10.23 Apprenticeship |
| 3.17 | George L Martinez | Address Redacted | | | | 3/7/2023 | $1,440.00 | Inv #2.24.23 Apprenticeship |
| 3.18 | George L Martinez | Address Redacted | | | | 3/17/2023 | $1,440.00 | Inv #3.10.23 Apprenticeship |
| 3.19 | George L Martinez | Address Redacted | | | | 4/4/2023 | $1,440.00 | Inv #3.24.23 Apprenticeship |
| 3.20 | George L Martinez | Address Redacted | | | | 4/14/2023 | $1,260.00 | Inv #4.7.23 Apprenticeship |
| 3.21 | George L Martinez | Address Redacted | | | | 5/9/2023 | $1,400.00 | 4.21.23 Apprenticeship |
| 3.22 | George L Martinez | Address Redacted | | | | 5/12/2023 | $1,280.00 | 5.5.23 Apprenticeship |
| 3.23 | George L Martinez | Address Redacted | | | | 5/26/2023 | $1,270.00 | 5.19.23 Apprenticeship |
| | | | | | | **TOTAL:** | **$12,390.00** | |
| 3.24 | Jazmin Plascencia | Address Redacted | | | | 2/1/2023 | $1,600.00 | Inv #1.27.23 Apprenticeship |
| 3.25 | Jazmin Plascencia | Address Redacted | | | | 2/17/2023 | $1,540.00 | Inv #2.10.23 Apprenticeship |
| 3.26 | Jazmin Plascencia | Address Redacted | | | | 3/7/2023 | $1,560.00 | Inv #2.24.23 Apprenticeship |
| 3.27 | Jazmin Plascencia | Address Redacted | | | | 3/17/2023 | $1,560.00 | Inv #3.10.23 Apprenticeship |
| 3.28 | Jazmin Plascencia | Address Redacted | | | | 4/4/2023 | $800.00 | Inv #3.24.23 Apprenticeship |
| 3.29 | Jazmin Plascencia | Address Redacted | | | | 4/14/2023 | $1,600.00 | Inv #4.7.23 Apprenticeship |
| 3.30 | Jazmin Plascencia | Address Redacted | | | | 5/9/2023 | $1,600.00 | 4.21.23 Apprenticeship |
| 3.31 | Jazmin Plascencia | Address Redacted | | | | 5/12/2023 | $1,600.00 | 5.5.23 Apprenticeship |
| 3.32 | Jazmin Plascencia | Address Redacted | | | | 5/26/2023 | $1,600.00 | 5.19.23 Apprenticeship |
| | | | | | | **TOTAL:** | **$13,460.00** | |
| 3.33 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 2/1/2023 | $1,360.00 | Inv #1.27.23 Apprenticeship |
| 3.34 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 2/17/2023 | $1,360.00 | Inv #2.10.23 Apprenticeship |
| 3.35 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 3/7/2023 | $1,360.00 | Inv #2.24.23 Apprenticeship |
| 3.36 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 3/17/2023 | $1,360.00 | Inv #3.10.23 Apprenticeship |
| 3.37 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 4/4/2023 | $1,360.00 | Inv #3.24.23 Apprenticeship |
| 3.38 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 4/14/2023 | $1,360.00 | Inv #4.7.23 Apprenticeship |
| 3.39 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 5/9/2023 | $1,360.00 | 4.21.23 Apprenticeship |
| 3.40 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 5/12/2023 | $1,360.00 | 5.5.23 Apprenticeship |
| 3.41 | Martha Alejandra Gonzalez Madrigal | Address Redacted | | | | 5/26/2023 | $1,360.00 | 5.19.23 Apprenticeship |

**SOFA 3 ATTACHMENT**
Certain payments or transfers to creditors within 90 days before filing this case

| | Creditor's Name | Address 1 | City | State | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|
| | | | | | | **TOTAL:** | **$12,240.00** | |
| 3.42 | Roberto Escobar Barrios | Address Redacted | | | | 2/1/2023 | $1,360.00 | Inv #1.27.23 Apprenticeship |
| 3.43 | Roberto Escobar Barrios | Address Redacted | | | | 2/17/2023 | $1,360.00 | Inv #2.10.23 Apprenticeship |
| 3.44 | Roberto Escobar Barrios | Address Redacted | | | | 3/7/2023 | $1,360.00 | Inv #2.24.23 Apprenticeship |
| 3.45 | Roberto Escobar Barrios | Address Redacted | | | | 3/17/2023 | $1,360.00 | Inv #3.10.23 Apprenticeship |
| 3.46 | Roberto Escobar Barrios | Address Redacted | | | | 4/4/2023 | $1,360.00 | Inv #3.24.23 Apprenticeship |
| 3.47 | Roberto Escobar Barrios | Address Redacted | | | | 4/14/2023 | $1,360.00 | Inv #4.7.23 Apprenticeship-- bill.com Check Number: 207589225 |
| 3.48 | Roberto Escobar Barrios | Address Redacted | | | | 5/9/2023 | $1,360.00 | 4.21.23 Apprenticeship |
| 3.49 | Roberto Escobar Barrios | Address Redacted | | | | 5/12/2023 | $1,360.00 | 5.5.23 Apprenticeship |
| 3.50 | Roberto Escobar Barrios | Address Redacted | | | | 5/26/2023 | $1,360.00 | 5.19.23 Apprenticeship |
| | | | | | | **TOTAL:** | **$12,240.00** | |

**Fill in this information to identify the case:**

Debtor name: Alpha Works Technologies, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 23-00003

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in  fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
06/28/2023

/s/ Ollen Douglass

Signature of individual signing on behalf of debtor

Interim President

Position or relationship to debtor

Ollen Douglass

Printed name

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No

☑ Yes